UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY LYNN D. K.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-02032-AGT<br><br>**ORDER GRANTING AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 29 |

    Plaintiff brought this action for judicial review of the Social Security Commissioner's decision finding her not disabled and thus denying her claim for disability benefits. On the parties' cross-motions for summary judgment, the Court granted plaintiff's motion and remanded the case for further proceedings. Dkt. 22. The Court subsequently approved the parties' stipulation for an award of $4,250 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 24. On remand, an ALJ found plaintiff disabled and awarded her past-due benefits in the amount of $133,879.12.[1] *See* Dkt. 25-2 (ALJ decision on remand); Dkt. 25-3 (notice of award).

    Lawrence Rohlfing, who represented plaintiff in this matter under a contingent fee agreement, has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Dkts. 25 & 29; *see* Dkt. 25-1 (fee agreement). Rohlfing initially requested a fee award of $23,500, and he then amended his fee motion to seek an award of $15,169.78 after the Social Security

---

[1] The notice of award letter did not provide a cumulative total of past-due benefits but rather indicated benefits due for various periods. *See* Dkt. 25-3 at 1–2. Based on the indicated 25% withheld for potential payment of attorney's fees ($33,469.78), the total amount of past-due benefits awarded was $133,879.12. *See id.* at 4.

Administration authorized a fee of $18,300 (or 13.7% of the past-due benefits awarded) pursuant to 42 U.S.C. § 406(a). *See* Dkt. 29. The $15,169.78 requested fee represents 11.3% of the past-due benefits awarded. Rohlfing has submitted timesheets showing that the total attorney and paralegal time spent on the district court proceedings was 22.45 hours (17.75 attorney hours and 4.7 paralegal hours). *See* Dkt. 25 at 20 (Rohlfing Decl.) ¶ 4; Dkt. 25-4 (timesheets). Rohlfing timely served plaintiff with both the original and amended fee motions via first-class mail. *See* Dkt. 25 at 23; Dkt. 29 at 8. The Court has received no objection or any other response from plaintiff. The Commissioner filed a response to the original fee motion, taking no position on the reasonableness of the requested fee award, and did not file a response to the amended fee motion. *See* Dkt. 27.

Having considered the amended fee motion and supporting materials, the applicable case law, and the record in this case, the Court is satisfied that the fees requested under § 406(b) are reasonable. First, the contingent fee agreement between plaintiff and Rohlfing provides for a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision," Dkt. 25-1 at 1, which is consistent with the 25% statutory cap set forth in § 406(b). The requested fee amount, $15,169.78, likewise complies. Under the fee agreement, Rohlfing is entitled to $33,469.78 (25% of the past-due benefits awarded), and he has already been awarded $18,300 under § 406(a), which leaves $15,169.78—the exact amount Rohlfing now seeks.[2] Second, there is no indication that Rohlfing provided substandard representation or that he delayed proceedings in an effort to increase the amount of fees awarded. To the contrary, Rohlfing achieved an excellent result for plaintiff, consisting of a substantial award of past-due benefits, and as noted, no party objected to the fee request. Finally, the requested fee of $15,169.78 for 22.45 hours of work translates to an hourly rate of approximately $675.71. *See L.M. v. Kijakazi*, 2023 WL 7251505, at *3 (N.D. Cal. Nov. 2, 2023) ("In considering the effective hourly rate as a measure of reasonableness, it is not uncommon for courts to calculate that rate based on the total number of

---

[2] As Rohlfing acknowledges, a court must offset an award of § 406(b) attorney's fees by any award of fees under EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that if a district court awards fees under both EAJA and § 406(b), "the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee") (citation omitted).

attorney and paralegal hours."). California district courts have awarded fees under § 406(b) with much higher effective hourly rates. *See McCullough v. Berryhill*, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (citing cases awarding effective hourly rates ranging between $1,000 and $1,500). In this context, the fees sought by Rohlfing are reasonable.

Accordingly, the Court finds that Rohlfing's request for $15,169.78 in fees under § 406(b) is reasonable under the facts of this case. Rohlfing will be required to reimburse plaintiff for all fees previously awarded in this case under EAJA.

\* \* \*

For the reasons stated above, Rohlfing's amended motion for attorney's fees under 42 U.S.C. § 406(b) is granted in the amount of $15,169.78. Rohlfing must refund to plaintiff the $4,250 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: November 20, 2023

ALEX G. TSE
United States Magistrate Judge